UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JOHN P. LARSON,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

No. 12cv2076 EJM

ORDER

Plaintiff brings this action seeking judicial review of the Acting Commissioner's denial of his application for social security disability and supplemental security income benefits. Briefing concluded March 29, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of February 1, 2009, plaintiff alleges disability due to multiple impairments including cubital tunnel syndrome, status post left extremity ulnar decompression, degenerative joint disease of the left shoulder, status post surgical repair, left carpal tunnel syndrome, status post release, cervical and lumbar degenerative disc disease, headaches, and status post remote history of bilateral knee arthroscopy in 2004. He asserts the Administrative Law Judge (ALJ) failed to properly evaluate his subjective allegations, erred in relying on a vocational expert's response to an improper hypothetical question, and erred in finding he was not disabled despite finding that he was restricted to a range of sedentary work that was significantly eroded. Accordingly, plaintiff asserts that

the ALJ's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff had severe impairments cubital tunnel syndrome, status post left extremity ulnar decompression, degenerative joint disease of the left shoulder, status post surgical repair, left carpal tunnel syndrome, status post release, cervical and lumbar degenerative disc disease, headaches, and status post remote history of bilateral knee arthroscopy in 2004. But the ALJ further found plaintiff retained the residual functional capacity to engage in substantial gainful activity, and therefore was not disabled.

Much of the ALJ's ruling, and much of plaintiff's attack on that ruling, was based on finding a lack of credibility in plaintiff's subjective testimony. The ALJ noted that the pain and muscle spasms were "somewhat helped" by medication. (Tr. 16-17) She noted that he performed light chores around the house. (Tr. 17) The ALJ then compared the subjective allegations with the objective medical evidence and found a significant number of inconsistencies. (Def.'s Brief 17.)

The ALJ considered plaintiff's failure to follow prescribed physical therapy, despite evidence showing that he was improving. (Tr. 17, 304) The ALJ's determination of credibility is entitled to deference as long as it is supported by good reasons and substantial evidence. Vester v. Barnhart, 416 F.3d 886, 889 (8th Cir. 2005.) The ALJ here relied, in part, upon a consultive examiner's observation that plaintiff's walking gait improved after leaving his appointment. This is a not-improper observation and, together with other substantial evidence, provides an adequate basis on which to question credibility. Here, good reason and substantial evidence support the ALJ's finding, and therefore it should be affirmed. See Wheeler v. Apfel, 224 F.3d 891, 895 (8th Cir. 2000); Gates v. Astrue, 627 F.3d 1080, 1083 (8th Cir. 2010).

The evidence in the record also supports the ALJ's findings concerning Residual Functional Capacity (RFC). The decision shows that the ALJ considered the plaintiff's subjective allegations, she considered the medical evidence, medical opinions and plaintiff's daily activities in assessing his RFC, (Tr. 16-20), and concluded that plaintiff retained the RFC to perform sedentary work with several additional limitations.

Accordingly, without minimizing the seriousness of plaintiff's impairments, the court finds that the ALJ's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

July 11, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT